UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JPMorgan Chase Bank
National Association,
          Plaintiff

v.

Daniel R. Asbury, et al.,

          Defendants

Case No. 3:14-cv-01232

MEMORANDUM OPINION &
ORDER

This matter is before me *sua sponte* to consider the Notice of Removal filed by Patrick Spettel and Re/Max Quality Realty. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . ."). I conclude Spettel and Re/Max's removal of this case from the Huron County, Ohio Court of Common Pleas was improper and remand the case to state court.

JPMorgan Chase Bank filed a complaint for foreclosure and notice under the Fair Debt Collections Practices Act[1] ("FDCPA") against Defendants Daniel and Michelle Asbury and Marilyn Wilson. (Doc. No. 7). Wilson then filed a cross-claim and third party complaint, asserting claims against Daniel Asbury, HCMS Home Loans, Andrew Service Corporation, Huron County Title Agency, LLC, Patrick Spettel, Re/Max Quality Realty, and Coffman Group, Inc., d.b.a. Re/Max Quality Realty. (Doc. No. 1-1). Wilson asserted causes of action against these cross-claim and third-party defendants for engaging in a pattern of corrupt activity in violation of Ohio Revised Code §

---

[1] Neither the complaint nor the FDCPA notice indicate whether that notice was filed pursuant to federal or state law. (Doc. No. 7).

2923.34 and 18 U.S.C. § 1964 and for civil conspiracy in violation of Ohio law. (Doc. No. 1-1 at 7-27). Spettel and Re/Max Quality Realty filed a notice of removal to this court, noting that Daniel and Michelle Asbury consented to the removal and that HCMS Home Loans, Andrew Service Corporation, and Huron County Title Agency all are defunct entities. (Doc. No. 1 at 5). Spettel and Re/Max Quality Realty assert they removed this case on the basis of federal question and diversity jurisdiction. (Id. at 1). None of the parties have raised the propriety of removal by a third-party defendant.

I conclude the Notice of Removal was insufficient to convey subject matter jurisdiction for several reasons. First, Spettel and Re/Max Quality Realty do not have the right to remove this case to federal court because they are not original defendants to the action. Section 1441 of the United States Code states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The term "defendants," as used in § 1441(a), is narrowly construed and does not include third-party defendants. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).

Second, Spettel and Re/Max may not remove the case on the basis of a federal cause of action asserted in the third-party complaint. Subsection (c) of § 1441 states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). This subsection "appl[ies] only to claims joined by the plaintiff in the original state court action." *First Nat. Bank of Pulaski*, 301 F.3d at 463; *see also Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 399 (6th Cir. 2012) ("[T]hird-party defendants may not remove a

2

controversy to federal court solely because the original defendant filed related federal claims against them.").

Section 1441 also provides for the removal of a case on the basis of diversity of citizenship. Subsection (b) of § 1441 states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  As citizens of Ohio, Spettel and Re/Max are "barred from invoking removal jurisdiction on the basis of diversity."  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).  While the Sixth Circuit has suggested the forum-defendant-removal prohibition is a procedural defect rather than a jurisdictional one, *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 120 n.1 (6th Cir. 1979), the parties' waiver of that issue does not overcome the jurisdictional defects under § 1441(a) and (c).

For these reasons, I conclude I lacked subject-matter jurisdiction at the time the case was removed from state court.  I will hold the case open until March 10, 2015, to permit the parties to file motions for reconsideration if they believe those motions to be appropriate.  If no motions are filed, I will enter judgment and remand the case to state court.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

3